[No. 3483. Decided May 24, 1900.]

DOLLIE HOWARD, *Appellant*, v. R. H. HIBBS, *Respondent*.

PUBLIC LANDS—GRANT TO NORTHERN PACIFIC RAILROAD—INDEMNITY
    LANDS—OPERATION OF GRANT.

Under the land grant to the Northern Pacific Railroad Company (13 St. at Large, 365) of alternate sections for forty miles on each side of the line as located, and in case of prior selection by settlers, granting the company the right to select in lieu thereof alternate sections from indemnity lands lying not more than ten miles beyond the original grant of place lands, the grant as to lands in the indemnity limits did not take effect until actually selected by the company; and prior thereto such lands were open to settlement.

SAME—CONTESTS—INVESTIGATION OF FACTS—JURISDICTION OF LAND
    DEPARTMENT.

The land department is invested by law with jurisdiction to determine the facts pertaining to adverse claims made to government land, and where an opportunity is afforded a party to establish material facts in a contest before the land department and he neglects to avail himself of such opportunity, he has no standing in a court of law to re-enter upon an investigation of such facts.

PLEADING—SUFFICIENCY OF DENIALS—OBJECTIONS MUST BE TIMELY.

Objection to the sufficiency of the denials in defendant's answer is not seasonably made, where no motion or demurrer was interposed thereto, but the plaintiff joined issue by filing a reply and proceeding to trial without objection to the form of the

answer, and failed to call the court's attention to the pleadings until a request for findings therein was made at the conclusion of the trial.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge.    Affirmed.

*Trimble & Pattison* and *Stephens & Bunn,* for appellant.

*William A. Inman* and *Chadwick & Bryant,* for respondent.

PER CURIAM.—Plaintiff in this action is the grantee of the Northern Pacific Railroad Company.    The action is brought to quiet title, the contention being that the lands were patented to the respondent through a mistake of fact and misconstruction of the law on the part of the Department of the Interior.    The premises are situated within the limits of the Northern Pacific indemnity grant.    In October, 1878, respondent made homestead entry for the west half of the northwest quarter of section 20, township 15 north, of range 44 east, and made final proof thereon in November, 1883.    Prior to making his final proof he made application to enter the premises in controversy, which adjoined the land embraced in his homestead filing, under the additional homestead act of March 3, 1879.    In his application he alleged settlement in October, 1878. . Various applications were made by the railroad company to select the premises, all of which were canceled and held for naught by the interior department.    The first attempt was made on March· 20, 1884; the second, October 25, 1887, and the last on August 20, 1892.    Respondent continued to live on his homestead until the fall of 1884. A portion of the premises in controversy was and had been inclosed by him for a number of years prior thereto.

The question of to whom the land should be allotted, whether to the respondent or to the railroad company,

was continuously before the interior department from 1884 to 1896, when the land was patented to respondent. The contention of the appellant is that the land was withdrawn from sale, homestead, or pre-emption, by the terms of the act of Congress of July 2, 1864, granting lands to the railroad company; that it remained so withdrawn from that date until the filing of the map of general route in February, 1872; and that the indemnity lands were appropriated without selection by reason of the deficiency in the place limits. That contention was squarely passed upon by this court in *Moore v. Cormode,* 20 Wash. 305 (55 Pac. 217), in which it was held that the grant as to lands in the indemnity limit did not take effect until actually selected by the company, and that prior thereto such lands were open to settlement.

It is also urged by the appellant that the respondent abandoned the tract, after making his filing, and that he made and executed a formal relinquishment thereof to the United States, and delivered the same to one Oliver, who became the purchaser by deed from the respondent of the lands embraced in his original homestead, located in section 20. In the trial of this cause in the lower court the purported relinquishment was introduced in evidence. It bears date the 5th of November, 1884, and is sufficient in form. Respondent denies that he ever executed the same, and upon that question the evidence is squarely in conflict, so much so that we are unable to say that its execution is established by the evidence. In any event, while it purports to have been executed in 1884, it was never filed in the land office, or with the department, and, although we think abundant opportunity was afforded appellant's grantor, the railroad company, to produce it, and the fact of its existence and production was material to the controversy being waged before the department, no suggestion of its existence appears to have been made during the

pendency of the controversy before the department. The department is invested by law with jurisdiction to determine the facts pertaining to adverse claims made to government land, and where, as in this case, an opportunity is afforded a party to establish material facts and he neglects to avail himself of such opportunity, we think he can have no standing in a court of law to re-enter upon an investigation of such facts.

Objection is also made to the sufficiency of the denials in the respondent's answer. It does not appear that in the lower court any motion or demurrer was interposed, which called for a ruling. On the contrary, issue was joined by the filing of a reply. The parties proceeded to trial without objection to the form of the answer, and the evidence was all in, when, for the first time, the attention of the court appears to have been called to the pleading by a request for findings. The objections were not seasonably made, and cannot be entertained. The decree must respond to the evidence introduced at the trial.

The judgment and decree will be affirmed.