[No. 3515.   Decided   January 4, 1901.]

GRAY'S HARBOR COMPANY, *Appellant,* v. ED. DRUMM *et ux., Respondents.*

PUBLIC LANDS—CONTESTS—FINDINGS BY LAND OFFICE—CONCLUSIVENESS.

Where the issuance of a patent in favor of one of two parties has been determined after a contest involving questions of fact within the jurisdiction of the land department, the validity of the patent should be upheld in the courts, unless there is an affirmative finding by the land department of such facts as would enable a court to declare as a matter of law that the department's determination upon the facts was erroneous.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.   Reversed.

*Sidney Moor Heath* and *Stephens & Bunn,* for appellant.

*W. H. Abel,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Appellant commenced an action to recover the possession of certain real estate in Chehalis county, deraigning title by patent from the United States to the Northern Pacific Railroad Company. The usual allegations of the wrongful possession of the defendants and the rights of the plaintiff were stated. Defendants answered, and set up an affirmative equitable defense, and claimed equitable ownership of the premises in controversy. The answer averred that defendants, about the year 1890, settled upon the premises as a homestead; that application to enter the same as a homestead was thereafter made by defendant Ed. Drumm, and proper averments are made of the competency of the claimant to make a homestead entry, and that the requisite acts of settlement and residence were duly performed; that such application was held for the consideration of the claim of the Northern Pacific railroad to the premises as indemnity in lieu of lands lost in the original grant; that, pending such consideration, the patent to the railroad company was inadvertently and by mistake issued from the general land office; that the indemnity claim of the company was first made in 1885, and that the claim was filed without specification of the lands lost and not in accordance with the requirements and regulations of the interior department; that the premises in controversy are not within the indemnity limits granted to the railroad company, and that no hearing was afforded defendants in the land department. Evidence was heard, and the court found the facts upon such evidence adduced at the trial, and judgment was entered declaring defendants the equitable owners and that plaintiff held the patent in trust for defendants.

The claim for indemnity lands was made under the joint resolution of congress of May 31, 1870 (16 St. at Large, 378), which provides as follows:

"* * * and in the event of there not being in any state or territory in which said main line or branch may be located, at the time of the final location thereof, the amount of lands per mile granted by congress to said company, within the limits prescribed by its charter, then said company shall be entitled, under the directions of the Secretary of the Interior, to receive so many sections of land belonging to the United States, and designated by odd numbers, in such state or territory, within ten miles on each side of said road, beyond the limits prescribed in said charter; as will make up such deficiency, on said main line or branch, except mineral and other lands as excepted in the charter of said company of eighteen hundred and sixty-four, to the amount of the lands that have been granted, sold, reserved, occupied by homestead settlers, pre-empted, or otherwise disposed of subsequent to the passage of the act of July two, eighteen hundred and sixty-four."

Counsel for appellant maintain that the answer does not show what the actual findings of the land department were; that, in the absence of such showing, the presumption is in favor of the patent. This contention may be conceded, if the allegation in the answer, that a sufficient opportunity for hearing in the land department was not afforded defendants, does not take it out of the rule stated in *Moore v. Cormode*, 20 Wash. 305 (55 Pac. 217). But it does not seem that the objection to the insufficiency of the answer was sufficiently pressed before the court. Reply was made by appellant and evidence adduced, including the record of the proceedings in the contest before the land department.

It appears, however, from the transcript of the proceedings in the land department, that the controversy between the railroad company and defendants was heard and determined by the secretary of the interior. Defendants,

together with a number of other claimants similarly situated, offered to file upon lands within the indemnity claim of the railroad company. Several of these cases were heard and determined together, and, while it is true the patent issued in 1895, before the formal entry of a determination in the controversy between defendants and the railroad company, yet defendants were afterwards heard fully and all the facts were found. It is apparent, upon well recognized authority, that the facts thus found in the land department are conclusive. *Wiseman v. Eastman*, 21 Wash. 163 (57 Pac. 398).

The honorable commissioner of the general land office, in March, 1896, determined the controversy between defendants and the railroad company, and found that the premises in controversy were within the indemnity limits of the grant to the railroad company and were selected by the company in May, 1885, according to a list rearranged on amendatory lists filed in September, 1887, and June, 1893; that the filing of the rearranged list was not an abandonment of the original selection, that the railroad company's right attached and was valid from the date of the original selection in 1885; that the filing of the indemnity selection of record prevented the attachment of any adverse rights thereafter; and that such original filing was several years before any rights of defendants attached to the premises in controversy. It will thus be seen that the averment in the answer of defendants, that the indemnity selection was not made under the requirements of the land department, is not sustained. The question of abandonment of the selection is one of fact and within the jurisdiction of the land department. The situation of the premises in controversy within the indemnity limits is also a question of fact, determined in the land department against the averment of the answer. *Scott v. Kansas Pa-*

*cific Ry. Co.,* 5 Land Dec. 468; *O'Brien v. Northern Pacific R. R. Co.,* 22 Land Dec. 135; *Sage v. Swenson,* 64 Minn. 517 (67 N. W. 544).

It would seem that under the rule stated in *Moore v. Cormode, supra,* the defendants must show the affirmative finding in the land department of such fact of the invalidity of the indemnity selection of 1885 as would enable the court as a matter of law to declare, contrary to the conclusion of the secretary of the interior, that such selection was void. Such facts have not been shown by defendants. It seems, under the indemnity grant, that the essential fact upon which the right to select lieu land is based is actual loss at the time of the selection. The method of selection is under the direction of the secretary of the interior. The presumptions, therefore, are all in favor of the decision of the interior department and of the correctness of the patent issued.

The cause must be reversed, with direction to enter judgment for the appellant (plaintiff).

DUNBAR, C. J., and ANDERS and FULLERTON, JJ., concur.