DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 3660. Decided December 23, 1901.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v.
ELI B. SPRAY, *Respondent*.

PUBLIC LANDS — ISSUANCE OF PATENT — JURISDICTION OF COURTS.
The inadvertent issuance of a patent to public lands while
a contest is pending puts an end to the jurisdiction of the depart-
ment, and the contestant whose rights are undetermined is en-
titled to resort to the courts to establish them.

SAME — RAILROAD LAND GRANT — INDEMNITY LANDS — RIGHTS OF
ENTRYMAN.
Under the land grant to the Northern Pacific Railroad Com-
pany of indemnity lands in case of the prior selection of lands
within the place limits by settlers thereon, such grant as to
lieu lands takes effect only after the company has actually made
a valid selection thereof in place of lands lost under the original
grant, and such lieu lands remain open to settlement any time
prior to their selection by the railroad company and approval
by the land department.

Appeal from Superior Court, Whitman County.—Hon.
WILLIAM McDONALD, Judge. Affirmed.

*Stephens & Bunn,* for appellant.

*S. J. Chadwick,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Action to recover the possession of real
property. The appellant, the successor of the Northern

1—27 WASH.

Pacific Railroad Company, alleges ownership and deraigns its title under the terms of the act of congress approved July 2, 1864, and the various acts and joint resolutions supplemental thereto and amendatory thereof, in favor of the Northern Pacific Railroad Company, and claims the premises in controversy, to-wit, the south half of the southeast quarter, section 25, township 16 north, of range 45 east, W. M., Whitman county, by virtue of a patent from the United States. The answer denies the title of appellant, and sets up by way of cross complaint that the premises in controversy are situated within the indemnity limits of the land grant to the Northern Pacific Railroad Company, and were public lands of the United States in 1882, and subject to disposal under the public land laws of the United States; that in 1882 one Edward A. Cook, a citizen of the United States, and qualified to acquire such premises under the homestead laws, settled upon and improved the land, and continued to cultivate the same until the 6th of July, 1884, when he sold his possessory claim and interest, and improvements consisting of a house and barn and about fifteen acres fenced and in cultivation, to respondent; that while Cook so held his claim to said premises, and about the 20th of March, 1884, appellant's predecessor in interest attempted to select said tract as indemnity in lieu of losses sustained by the company in the primary limits of the land; that such attempted selection was made without any proof of loss to the company, and not in conformity to § 3 of the act of July 2, 1864, relative to selections for indemnity; that the company acquired no right by reason of such selection, and, immediately after, Cook transferred his interest to the possession and improvements on said tract; that on the 6th of July, 1884, respondent established his residence

thereon with the intention of acquiring title under the pre-emption law, and he has ever since resided upon and cultivated the land; that he was qualified under the settlement laws to enter the land; that on the 25th day of November, 1887, respondent duly made application to the register and receiver of the United States land office at Walla Walla to file his declaratory statement under the pre-emption law, and tendered therewith the necessary fees and commissions for filing and the necessary affidavits of contest as required by the rules of the land office, showing that the land was not subject to selection by the railroad company because it was occupied, resided upon, improved, and claimed by Cook, a qualified homestead settler at the date of the attempted selection; that at that date said selection was not approved. The application of respondent to file was duly received and noted at the land office, and held subject to claim of the railroad company, and while the controversy was pending undetermined the patent inadvertently issued.

A jury having been waived, the trial proceeded before the court, and findings of fact were made. After finding the right of appellant in succession to the Northern Pacific Railroad Company, and setting out the various acts of congress granting lands to the Northern Pacific Railroad Company, and that the tract of land in controversy is situated in the indemnity limits of the grant, and was public land in 1882 and for a long time prior thereto, subject to disposal under the public land laws, it was found that in 1882 Edward A. Cook was a citizen of the United States over twenty-one years of age, and the head of a family; that he settled and improved the premises in controversy with the intention of acquiring title thereto from the United States, and that he continued to cultivate

and improve such land from the time of his settlement until the 6th day of July, 1884, when he transferred his right and interest and possession in the premises, together with the improvements thereon, to the respondent; that while Cook was occupying and had the possession of the land, the Northern Pacific Railroad Company, on the 20th of March, 1884, attempted to select the land as indemnity in lieu of losses sustained by the company in the primary limits; that such selection was made without proof or designation of loss of any lands of the company by reason of exceptions in the grant; that during the time that Cook occupied the premises he was duly qualified to enter the same under the homestead or timber culture laws, and that he had never made either a homestead or timber culture entry; that immediately after Cook transferred the premises to respondent, respondent established his residence thereon, with his family, with the intention of acquiring title thereto under the pre-emption law; that he was not the owner of 320 acres of land in any state or territory of the United States; that he made valuable improvements thereon; that while respondent resided upon and had possession of the land, on the 26th of October, 1887, the Northern Pacific Railroad Company filed in the local land office at Walla Walla a designated list of losses, in support of its selections, and as designation of loss to support the selection of the land in controversy and other lands it assigned section 17, township 7 north, of range 16 east, in proof of same, being within the Yakima Indian reservation, but did not designate any particular tract of the section as a loss to support the selection of the tract in controversy; that said proof of loss was never accepted and approved by the secretary of the interior as a proper designation of loss; that on the 25th of

November, 1887, the respondent duly made application to the register and receiver of the local land office to file his declaratory statement under the pre-emption law for the land in controversy, and tendered the necessary fees and commissions, and presented the necessary affidavits of contest, as required by the rules of the office, showing that the land was not subject to selection by the railroad company because the land was claimed, resided upon, and improved by Cook; that at the time the application was made the selection as indemnity was not approved; that such application of respondent was duly received and noted by the register, but that the register and receiver neglected to order a hearing in such contest; that on the 30th of August, 1892, the railroad company filed in the local land office an amended list of losses, in which the company designated as a loss in support of the selection of land in controversy the northeast quarter of the northeast quarter, and the northwest quarter of the northeast quarter, section 17, township 7 north, of range 16 east, of the Willamette Meridian, in the Yakima Indian reservation; that said last named list of losses was different from the list of losses assigned October 26, 1887, in that it designated for the first time the particular tract lost in lieu of which the right of selection existed; that nothing was done in the contest in the land office until December, 1895, when notice was addressed to respondent informing him that his affidavits in support of his declaratory statement were insufficient as a *prima facie* showing because they failed to show that Cook was qualified to take land under the settlement laws, and respondent was allowed thirty days in which to file supplemental affidavits, but that the notice was returned unclaimed to the local land officers, and respondent did not in fact receive the same; that on the 21st of March,

1896, the local land officers rejected the declaratory statement of respondent, and notified him that he was entitled to thirty days to appeal from their decision to the commissioner of the general land office, that by the rules of the land office respondent was allowed thirty days from notice in which to appeal to the commissioner of the general land office from the decision rejecting his application; that thereafter, while the contest was pending, and before respondent's right of appeal had expired, and on the 2d of April, 1896, the premises were by inadvertence and mistake of the officers of the general land office patented to the Northern Pacific Railroad Company.

Some exceptions are made to the findings of fact, but an examination of the testimony seems to support them substantially. Such facts, in substance, seem to bring the controversy within the principles of *Moore v. Cormode,* 20 Wash. 305 (55 Pac. 217), and other cases in this court following and approving that case. While the contest was pending in the land department, a patent was inadvertently issued, and, as determined by the honorable secretary of the interior, jurisdiction in the department ceased. Respondent's rights were then undetermined, and he was entitled to set them up in this action. It seems to have been determined that no right to withdraw the indemnity lieu lands from settlement existed under the granting act until losses were ascertained and selections made. An order of withdrawal, however, was made by the interior department in 1872. Such order was overruled and canceled in 1887. Neither Cook, the predecessor of respondent, who claimed the premises in controversy, nor the respondent, could file a claim at the local land office until 1887, at which time respondent's filing was offered. Thus it would seem that such claims of right as attached in

either of them were preserved, and at first opportunity were placed of record in the local land office. The attempted selections of the railroad company in 1884 and 1885 were irregular in form and substance, and were subsequent to the claims of Cook. In fact, selections with specifications of actual loss were never made until 1892, and it does not seem that approval of any selection was made by the department until after the latter date. It follows, therefore, that the judgment of the superior court was correct.

Affirmed.

DUNBAR, ANDERS and MOUNT, JJ., concur.