[No. 5903. Decided February 14, 1906.]

WILLIAM F. PROSSER, *Appellant,* v. GEORGE L. FINN, *Respondent.*[1]

PUBLIC LANDS — ENTRY — WHO MAY MAKE — EMPLOYEE IN LAND OFFICE. Under U. S. Rev. Stat., § 452, a special timber agent appointed by the general land office is prohibited from making an entry on public lands, and his entry of lands under the timber culture act is void.

SAME — CONTEST — DECISION OF LAND DEPARTMENT — WHEN CONCLUSIVE—REDRESS IN COURTS. A ruling of the land department upon the cancellation of a public land entry is conclusive where no rights have been denied the applicant, and no error has been committed in deciding upon the legal rights involved.

SAME—ILLEGAL ENTRY—IMPROVEMENTS — SUBSEQUENT ENTRYMAN TRUSTEE. One who files on public land after the termination of a contest in the land department resulting in the cancellation of an earlier entry by another, is not a trustee of the title for such unsuccessful applicant, by reason of knowledge of his improvements on the lands, where such improvements were made with no legal claim to the land.

Appeal from a judgment of the superior court for Yakima county, Rigg, J., entered June 13, 1905, in favor of the defendant, dismissing an action to quiet title, upon sustaining a demurrer to the complaint. Affirmed.

[1]Reported in 84 Pac. 404.

*Reavis, Thorp & Wheeler,* for appellant.
*Rudkin & Luhman,* for respondent.

MOUNT, C. J.—Plaintiff brought this action, praying that he be decreed the owner of a certain described quarter section of land, in Yakima county. The lower court sustained a general demurrer to the complaint. Plaintiff elected to stand upon the allegations of the complaint, and the cause was dismissed. Plaintiff appeals.

The facts stated in the complaint are, in substance, as follows: On October 18, 1882, appellant made a timber culture entry on the land in question at the United States land office at North Yakima, Washington. At the time he made this entry he was a special timber agent, having been appointed by the commissioner of the general land office on July 26, 1880. His term of office as such special agent expired in the year 1885. After filing upon the land, he commenced improving and cultivating and growing trees thereon, and complied diligently with the timber culture law. He spent considerable sums of money in planting and replanting trees, and in constructing ditches to irrigate the land, until the year 1889.

On the 28th day of October, 1889, one John A. Walker filed a contest in the local United States land office at North Yakima against the entry of appellant, upon the ground that appellant had not complied with the timber culture entry law, and subsequently, on December 9, 1889, said Walker filed a supplemental affidavit, alleging that appellant was incompetent to make the original timber culture entry because he was at the time of the entry a special agent or timber inspector appointed by the commissioner of the general land office. Upon the hearing of this contest, the local land office found, that the appellant had in good faith endeavored to comply with the law, and that no bad faith could be imputed to him; that he had expended considerable time and money attempting to grow timber; that the contestant, John A.

Walker, had known several years before the contest was instituted that the appellant; at the time of the entry, was a special agent in the land department, and that said Walker stood by and saw the cultivation and improvement going on and knew of the expenditures being made by the appellant on the land in controversy until 1889, when the land had trebled in value by reason of the improvements made thereon; but held that the entry originally made was prohibited by § 452 of the United States revised statutes, and for that reason cancelled the entry.

From this decision of the local land office, appellant appealed to the commissioner of the general United States land office, where the judgment was affirmed on the ground that the appellant was a special agent at the time of the initiation of his entry. An appeal was thereupon taken to the Secretary of the Interior, and that officer, by his first assistant, reversed the decision of the commissioner of the general land office and directed a dismissal of the contest, and held that appellant was entitled to the land. Upon petition for review, which was heard by the succeeding Secretary of the Interior, the decision of the former Secretary was reversed, and the decision of the commissioner of the general land office was affirmed, with directions to the local land officers to cancel the entry of appellant.

Thereafter said John A. Walker filed upon the land. Subsequently his filing was successfully contested by George L. Finn, respondent in this action. Mr. Finn thereupon filed upon the land in controversy, and in due time made final proof and received a patent from the government of the United States. The complaint alleges that the respondent had notice and knowledge of all of appellant's improvements and expenditures, equities, and rightful claims to the land, prior to the time respondent filed on the land in question.

U. S. Rev. Stats., § 452, provides:

"The officers, clerks, and employees in the general land office are prohibited from directly or indirectly purchasing

or becoming interested in the purchase of any of the public land, and any person who violates this section shall forthwith be removed from his office."

Under the provisions of this section, it is perfectly clear that appellant, being a special agent and in the employ of the general land office, was prohibited from making an entry upon the land at the time the original entry was made. His entry was therefore invalid. In addition to the plain terms of the statute, the land department of the government has held, since the year 1876, which was long prior to the entry of the appellant, that registers and receivers, their clerks and employees, and all persons intimately connected with such officers were included within the terms of the statute and were prohibited from making entries on public lands. *Nebraska v. Dorrington*, 2 Copp's Public Land Laws, 647. In 1890, the commissioner of the general land office held that the section above quoted applied to an employee in the office of the surveyor general of the district in which the land was situated. *Herbert McMicken*, 10 Land Dec. 97, 11 Land Dec. 96; Circular Letter, Sept. 15, 1890, 11 Land Dec. 348. This construction of the statute appears to have been followed by the land department ever since that time. *Miller v. Coleman*, 18 Land Dec. 394; *Robert J. Watson*, 33 Land Dec. 435, decided Feb. 25, 1905. All these decisions are clearly right.

The only case cited which shows a construction of the statute by the land department different from these cases is *Grandy v. Bedell*, 2 Land Dec. 314, which appears never to have been followed, because it was clearly against the plain provisions of the statute upon the point under consideration. It is true, this last named case was decided prior to the entry of the appellant upon the land in question. It is also true that appellant had, prior to his entry, received a letter from the commissioner of the general land office, to the effect that the provisions of U. S. Rev. Stats., § 452, did not apply to special agents; but this letter had reference to a case where appellant had made another filing upon another piece of land prior to

his appointment as special agent, and sought to and did afterwards make final proof thereon. It was not written in contemplation of an original entry of a new tract of land. Under the plain terms of the statute, the advice was erroneous and no rights were acquired in violation of the law. If the appellant's rights under the law have been erroneously denied by the land department, he may obtain redress in the courts. But where no error has been made in the cancellation of his entry, and no legal rights have been denied him by the land department, the ruling of that department is conclusive, and he cannot be heard to complain against one who was in no wise connected with the matters in controversy. *Shepley v. Cowan*, 91 U. S. 330, 23 L. Ed. 424.

This respondent apparently had no connection with the case of Walker v. Prosser, and was not interested therein until long after the entry of appellant had been cancelled. After Mr. Walker succeeded in his contest, and had filed on the land, and by some default not shown had forfeited his entry, then this respondent, with notice of all the proceedings, was permitted to file upon the land and acquire patent thereto. No reason is shown in the complaint why the respondent should be held to be a trustee of the title for the benefit of appellant, except the mere fact that, at the time respondent filed on the land, he knew that the appellant claimed some interest therein by reason of improvements made many years before. But respondent also knew, necessarily, that appellant had no legal claim to the land, because such claim had long since been terminated adversely to him by a tribunal competent for that purpose.

We think the complaint for these reasons fails to state a cause of action against the respondent. The judgment is therefore affirmed.

HADLEY, FULLERTON, ROOT, and CROW, JJ., concur.