## DIVISION OF THE COST OF CONSTRUCTING A HIGHWAY CROSSING OVER A RAILWAY.

Court of Appeals for Hamilton County.

CITY OF CINCINNATI v. THE CINCINNATI, LEBANON & NORTHERN RAILWAY COMPANY AND THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY; TWO CASES.

Decided, July 19, 1915.

*Crossings Over Railway Tracks—Provision ·Dividing the Expense Between the Railway and Municipality Construed—Notice and Hearing Not Required—Sections 8895 to 1902.*

1. Section 3 of the act approved May 3d, 1904, charging railroad companies with one-half the cost of constructing a highway across an existing railroad, is not rendered unconstitutional by the failure to provide for a notice and hearing in respect thereto.
2. Where a railway over which it is sought to carry a highway otherwise than at grade has passed under the control of another company which has acquired its privileges and assumed its liabilities and duties, the one-half of the cost of obviating such grade crossing which the law imposes on the railway becomes a liability of both companies.

*Walter M. Schoenle* and *Carl M. Jacobs, Jr.,* City Solicitors, for plaintiff in error.

*Lawrence Maxwell* and *Jos. S. Graydon,* contra.

KUNKLE, J.

The petition in case No. 5742 states in brief that plaintiff is a municipal corporation, organized under the laws of Ohio; that the the council of said city has authorized the bringing of this suit; that defendants at all the times mentioned in the petition were and now are corporations, organized under the laws of Ohio for the purpose of owning, maintaining and operating railroads; that subsequent to the 3d day of May, 1904, the date of the passage of the act, "To provide how railroad and highway crossings may be constructed," the plaintiff built the highway known as Whittier street, across a certain railroad which had existed theretofore and is still in existence; that said railroad

did at all times herein mentioned, and does now, belong to the defendant, the Cincinnati, Lebanon & Northern Railway Company; that prior to the building of said highway, the defendants entered into a contract whereby the defendant, the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company secured entire control of the privileges, tracks and property, and assumed all the debts, liabilities and duties of the defendant, the Cincinnati, Lebanon & Northern Railway Company; that under the existing conditions, and because of the topography of the highway, railroad and surroundings, it was impossible to construct the said highway below the grade of the said railroad, and the said highway was, therefore, constructed above the grade of the said railroad and was carried over the said railroad by means of a re-enforced concrete bridge or viaduct.

The petition also contains an itemized statement showing that the total cost of the said bridge was $6,438.50, and states that the said bridge was fully built and paid for in October of 1910, and that no part of the cost thereof has been paid plaintiff by defendants or either of them, although demand has been made therefor, and asks judgment against the defendants in the sum of $3,219.25, with interest.

A demurrer was filed to the petition.

Error is prosecuted to this court from the judgment of the lower court sustaining such demurrer.

Plaintiff in error claims that the petition states a cause of action under Section 3 of the act approved May 3, 1904 (97 O.•L., 546, General Code, Sections 8895-8902).

The title of said act is as follows:

"An act to provide how railroad and highway crossings may be constructed."

Sections 1 and 3 of said act read as follows:

"Section 1. Except as in this act elsewhere provided, all crossings, hereafter constructed, whether of highways by railroads, or of railroads by highways, shall be above or below the grade thereof."

"Section 3. Every municipality or other authority hereafter constructing a highway across an existing railroad, shall con-

struct the same above or below the grade thereof, unless permitted in the manner hereinafter provided, to construct the same at grade, and the cost of said work shall be paid, one-half by said municipality, and one-half by the railroad company owning said railroad."

Defendants in error in brief claim that the statute in question, if properly construed, requires a condemnation proceeding, or, if such proceeding is not required, then the statute is in contravention of the Fourteenth Amendment of the Constitution of the United States, and of Sections 1, 16 and 19, Article I, of the Constitution of Ohio.

We have carefully considered the very exhaustive briefs which have been filed by counsel in support of their respective contentions, but shall not attempt to discuss or review in detail the various authorities therein cited.

From a careful reading of this act, we have reached the conclusion that the provisions of Section 4 apply only to a case where a grade crossing is sought to be established, and do not apply to crossings which are not constructed at grade.

We find no statute providing for notice and a hearing in respect to the construction of a crossing such as the one in question.

This brings us to a consideration of the constitutionality of Section 3 of the act in question.

The authority of the Legislature to enact Section 3 under the police powers possessed by the state, is not seriously disputed by defendants in error, but they contend that the Legislature should have provided for a notice and hearing in respect to the improvement before the obligation provided in Section 3 can become effective.

The case of *Railway Company* v. *City of Troy*, 68 Ohio State, page 510, is relied upon by counsel for defendants in error. We think this case is distinguishable from the case at bar. In the Troy case there was no statute imposing liability.

The last sentence of the decision of the Supreme Court, in such case, is as follows: .

"Since the legislative department of the state has not attempted to exercise the supposed police power in a case of this

character, we have no occasion to consider whether it would be a proper subject of its exercise.''

In the case at bar the obligation is expressly imposed by statute.

The question as to whether such a statute, in addition to imposing a liability, should also provide for notice and a hearing, has not been expressly determined by the Supreme Court of this state.

We find, upon an examination, that the decisions in other states are in conflict, but we think the weight of authority sustains the view that such notice and hearing are not required and that statutes imposing a liability such as that contained in Section 3 of the act in question, are constitutional and valid.

We call attention particularly to the following authorities, wherein this question is discussed, namely:

In the case of *State, ex rel City of Minneapolis,* v. *St. Paul, Minneapolis & Manitoba Railway Company,* reported in the 98th Minnesota Reports at page 380, the first three paragraphs of the syllabus are as follows:

''The state may, in the exercise of its police power, impose upon railroad companies whose lines intersect public highways laid out after the construction of the railroad, the uncompensated duty of constructing and maintaining at such crossings all such safety devices as are reasonably necessary for the protection of the traveling public.

''Such a requirement, being referable to the police power, is not a taking of private property for public use in violation of the Constitution.

''A bridge over the railroad tracks, when necessary to make the crossing safe for public use, is a 'safety device,' within the meaning of that expression.''

This decision is affirmed by the Supreme Court of the United States, in the 214 U. S. Reports at page 497.

See also case of *State, ex rel City of Duluth,* v. *Northern Pacific Railway Company,* 98 Minnesota Reports, page 429, and which case was affirmed by the United States Supreme Court, in the U. S. Reports, Volume 208, page 583.

In the case of *Missouri Pacific Railway Company* v. *City of Omaha,* reported in the 235 U. S. Reports, at page 121, the first three paragraphs of the syllabus are as follows:

"A railway company may be required by the state, or by a municipality acting under the authority of the state, to construct overhead crossings or viaducts over its tracks at its own expense; the consequent expense is *damnum absque injuria* or compensated by the public benefit in which the company shares and is not a taking of property without due process of law.

"In the exercising of the police power, the means to be employed to promote the public safety are primarily in the judgment of the Legislature, and the court will not interfere with duly enacted legislation which has a substantial relation to the purpose to be accomplished and does not arbitrarily interfere with private rights.

"If the state court has held that a municipality has power to pass ordinances requiring railway companies to build viaducts, this court can only declare such an ordinance unconstitutional under the Fourteenth Amendment as an arbitrary abuse of power in a clear and unmistakable case."

In the Lawyers' Reports, Annotated, Volume 28, page 298, there is also found an extended discussion of this question and a review of the authorities.

Counsel for defendants in error, in their brief, also claim that no cause of action is stated against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, for the reason that the petition alleges that the said railroad belongs to the Cincinnati, Lebanon & Northern Railway Company.

The petition does contain an averment as suggested by counsel for defendants in error, but it also contains an averment to the effect that the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company has, through contract, secured entire control of the privileges, tracks and property, and assumed all the debts, liabilities and duties of the defendant, the Cincinnati, Lebanon & Northern Railway Company.

Under the averments of the petition, we think both of the defendants in error are liable. We think such liability is determined by the decision of our Supreme Court in the case of *Baltimore & Ohio Railway Company* v. *Walker,* 45 Ohio State Re-

ports, page 577, the first two paragraphs of the syllabus of which case are as follows:

"A railroad company which has the possession and control of a railroad in this state, and is managing and operating the same, as the lessee thereof, is one 'owning the tracks' of such railroad, within the meaning of Section 3333 of the Revised Statutes, which provides that: 'When the tracks of two railroads cross each other, or in any way connect, at a common grade, the crossings shall be made and kept in repair, and watchmen maintained thereat, at the joint expense of the companies owning the tracks.'

"The necessity for keeping the crossing in repair, and maintaining watchmen thereat, grows out of the use and operation of the railroads crossing each other at a common grade, and the benefits thereof accrue to the companies using and operating the roads; and, as such lessee company, while operating its road receives the benefit and security resulting from a safe crossing and the services of the watchman, it takes them subject to the burden of their expense, as provided by the statute."

The necessity and reasonableness of the cost of the improvements in question are not now before the court, and we express no opinion as to whether the same can be questioned in this proceeding by way of defense.

It therefore follows that the judgment of the lower court should be reversed and the cause remanded, with instructions to overrule the demurrer, and for such further poceedings as may be authorized by law.

We do not have the papers in case No. 5743 before us, but it is agreed that the averments of the petition in that case are similar to those above quoted, except that the petition in the latter case asks for judgment in the sum of $6,897.85, the one-half of $13,795.71, the cost of the bridge referred to in that case, and the same judgment will be rendered in this case as in case No. 5742.

Judgments reversed.

FERNEDING, J., and ALLREAD, J., concur.