[No. 17838. Department Two. September 18, 1923.]

DAN C. McDONALD et al., Appellants, v. C. H. NEAL et al., Respondents.[1]

PUBLIC LANDS (50) — DECISIONS OF DEPARTMENT — HOMESTEAD ENTRY—MISTAKE OF LAW—CONCLUSIVENESS. The state courts have no jurisdiction to inquire into the merits of a homestead contest, where, after a contest before the interior department, the entryman instituted a suit in the supreme court of the District of Columbia to compel the issuance of a patent to him, and appealed from an adverse decision to the district court of appeals, from which no appeal was taken.

COURTS (38)—DECISIONS OF FEDERAL COURTS—LAW OF CASE. Section 7, of Act of Congress of March 3, 1893, 26 Stat. at L. p. 1095, providing that after the lapse of two years from the date of issuance of a receiver's receipt upon a final entry, when there is no pending contest, the entryman shall be entitled to a patent, has no application where the courts of the District of Columbia held that there was in fact a contest pending within such two years.

Appeal from a judgment of the superior court for Okanogan county, Sessions, J., entered July 11, 1922, dismissing an action to review the proceedings of the Federal land department in a contest over patent rights to public lands, tried to the court. Affirmed.

*Peter McPherson,* for appellants.

*Adams & Vincent,* for respondents.

[1] Reported in 218 Pac. 228.

PEMBERTON, J.—John H. McDonald, the father of appellants, posted his homestead location notices upon certain land situated in Okanogan county, Washington, the land at that time being unsurveyed and open to homestead location. Prior thereto numerous persons had gone upon the land for the purpose of prospecting, and one George B. Meachem made several placer claim locations, including the land in controversy. No mineral being found, Meachem soon abandoned the property, and the people that had gathered during the small mining boom proceeded to abandon the property. One C. A. Blatt, in charge of the Meacham Hotel, made application to have a government townsite established and reserved under §§ 2387 to 2393, inclusive, U. S. Rev. Stat. The secretary of the interior, upon March 27, 1909, decided against the townsite application, upon the protest of McDonald. A motion for rehearing was filed by Mr. Blatt and others, and on June 5, 1909, the secretary rendered an opinion in favor of McDonald, and on August 13, 1909, McDonald made final proof, and final certificate was issued on September 1, thereafter.

In 1910, the secretary of the interior ordered an investigation by the field officers of the general land office and another hearing was ordered, but not held until more than two years after the issuance of the final certificate. At this hearing McDonald was allowed to retain one hundred and twenty acres, and the forty acres was allotted to Blatt and others through the government townsite act. Appellants instituted an action in the supreme court of the District of Columbia, asking for a writ of mandamus requiring the secretary of the interior to issue a patent to them, and in their petition they set forth the same contentions that they now insist upon in this court. After

hearing in the supreme court of the District of Columbia, upon an adverse decision appellants appealed to the district court of appeals. The district court of appeals rendered an opinion affirming the decision of the supreme court, from which there was no appeal taken.

The trial court held that it was without jurisdiction, as follows:

"I take it, therefore, as an elementary principle of law that as no appeal has been taken to the supreme court of the United States, the decision of the court of appeals of the District of Columbia is in that case final and must forever be the law of the case."

and entered judgment dismissing the action.

It is the contention of appellants that the court has inherent authority to inquire into the proceedings of the department leading up to the issuance of the patent and annul the same, where the department has proceeded contrary to law, relying upon *Wiseman v. Eastman,* 21 Wash. 163, 57 Pac. 398; *Prosser v. Finn,* 41 Wash. 604, 84 Pac. 404; *Shockley v. Brown,* 1 Wash. Terr. 464; *Northern Pac. R. Co. v. Spray,* 27 Wash. 1, 67 Pac. 377; *Shepley v. Cowan,* 91 U. S. 330, and others.

Respondents contend that the state courts have no jurisdiction to retry the issues which have already been tried out and finally determined by the land department and by the courts of the District of Columbia. In the case of *Wiseman v. Eastman, supra,* we approved the rule that:

" 'The courts cannot review the decisions of the land department on the ground that the evidence was insufficient, or that only incompetent evidence was before it. The power to try questions of fact necessarily embraces the power to pass upon the weight and com-

petency of evidence. *Parsons v. Venzke,* 4 N. D. 452 (61 N. W. 1036, 50 Am. St. Rep. 669).'"

"The department is invested by law with jurisdiction to determine the facts pertaining to adverse claims made to government land, and where, as in this case, an opportunity is afforded a party to establish material facts and he neglects to avail himself of such opportunity, we think he can have no standing in a court of law to re-enter upon an investigation of such facts." *Howard v. Hibbs,* 22 Wash. 513, 61 Pac. 159.

See, also, *State ex rel. Blakeslee v. Clausen,* 85 Wash. 260, 148 Pac. 28, Ann. Cas. 1916B 810; *Grays Harbor Co. v. Drumm,* 23 Wash. 706, 63 Pac. 530.

The only question that can be considered by the courts regarding the decisions of the land department is whether or not the department made a mistake of law, and this must be clearly manifest and not founded upon a possible finding of the facts different from that put upon them by the land department. The question as to whether or not the department committed an error of law in this case has been passed upon by the supreme court of the District of Columbia and court of appeals of the District of Columbia, and is now *res judicata.*

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action." 23 Cyc. 1215.

It is contended, however, by appellant that § 7 of the act of Congress of March 3, 1893, 26 Stat. at Large, pp. 1095-1099, providing: "That after the lapse of

two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him, . . . ." applies to the facts in this case and insist that two years had expired after the issuance of the receiver's receipt before the contest was entered against the validity of the McDonald entry. The courts of the District of Columbia held, however, that there was a contest in fact pending within the two years from the date of the issuance of the receipt, and this finding of the court becomes the law of this case.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PARKER, JJ., concur.