IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

CHRISTELL CHARITY KRSAK,

Respondent,

v.

GREGORY MICHAEL KRSAK,

Appellant.

No. 85948-0-I

DIVISION ONE

UNPUBLISHED OPINION

DíAZ, J. — Gregory Krsak appeals from an order denying his CR 60(b) motion for relief from judgment ("Motion"). Gregory[1] also challenges the court's award of fees to Christell Krsak and its underlying determination that his Motion was without basis in law or fact. Finding no reversible error, we affirm.

I.     BACKGROUND

Christell and Gregory Krsak were married in 2011. The parties have one minor child, A.K. The parties separated on January 13, 2021, and Christell petitioned for dissolution on January 29, 2021.

---

[1] We refer to the parties by their first names to avoid confusion. No disrespect is intended.

The trial lasted eight days, during which the trial court heard testimony from 14 witnesses. At the conclusion of the trial, on July 28, 2022, the court announced its findings to the parties and directed Christell's counsel to prepare final orders consistent with its oral ruling. The trial court informed Gregory that he would have one week from the date he received the proposed orders from Christell's counsel to review and comment on the orders for the court's review. Christell's counsel provided the proposed orders to Gregory on August 9, 2022, at which time, Gregory indicated that he would review the orders later that day. However, by August 17, 2022, the court had not received any comments from Gregory.

The trial court entered final orders on August 17, 2022. In the parenting plan, the trial court entered a finding that Gregory "has engaged in Domestic Violence against Christell Krsak as defined by RCW 7.105.010(4)(a) . . . ." The court further found that "[o]ften these events would occur in front of the child." Pursuant to RCW 26.09.191, the trial court entered a four-phase plan restricting Gregory's time with A.K., which provided for fewer restrictions as Gregory completed designated amounts of domestic violence treatment.

Gregory filed a motion for reconsideration, asserting that the visitation schedule contained an error that was inconsistent with the trial court's oral ruling. Gregory also requested that the trial court remove the descriptions of the domestic violence and requested that the parenting plan should be amended to grant him joint custody and decision-making over A.K., as he maintained that he had not

committed domestic violence as defined by former RCW 26.50.010 (2019).[2]  The trial court denied the motion on September 2, 2022.

On August 14, 2023, Gregory filed pro se the Motion at issue here, viz., requesting that the final parenting plan and child support order be vacated pursuant to CR 60(b)(1), (4), and (11).  The trial court denied the Motion, both as having been untimely filed and on the merits.  The trial court additionally awarded $4,283.50 in attorney fees to Christell, having determined that Gregory's Motion lacked both factual and legal merit.  However, the trial court declined to find that Gregory had engaged in abusive litigation pursuant to RCW 26.51.010.

Gregory timely appeals the denial of the Motion.

## II.    ANALYSIS

### A.  Whether the Trial Court Erred by Denying Gregory's Motion

#### 1.    Standard of Review

We review a trial court's decision on a CR 60 motion for an abuse of discretion.  In re Rapid Settlements, Ltd., 166 Wn. App. 683, 690, 271 P.3d 925 (2012).  "A court abuses its discretion only when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." Barnett v. Dep't of Corr., 24 Wn. App. 2d 961, 972, 522 P.3d 52 (2022), review denied, 1 Wn.3d 1018, 532 P.3d 156 (2023).  An appeal from the denial of a CR 60(b) motion is not a substitute for an appeal and is limited to the propriety of the denial, not the impropriety of the underlying order.  Bjurstrom v. Campbell, 27 Wn.

---

[2] The legislature repealed this chapter effective July 1, 2022, as part of legislation that reorganized various civil protection order statutes into a new RCW chapter. See LAWS OF 2021, ch. 215, §§ 1, 170(94)-(126); see also chapter 7.105 RCW.

App. 449, 450-51, 618 P.2d 533 (1980).  The party seeking relief under CR 60(b) bears the burden of showing relief is warranted.  Fowler v. Johnson, 167 Wn. App. 596, 605, 273 P.3d 1042 (2012).

Gregory contends that the trial court applied the incorrect standard in deciding his motion for relief from judgment, arguing that the court should have evaluated whether he presented a meritorious defense.  He is incorrect.  A court deciding a motion for relief from a *default* judgment must examine, among other factors, whether "there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party."  Pfaff v. State Farm Mut. Auto. Ins. Co., 103 Wn. App. 829, 832, 14 P.3d 837 (2000) (quoting White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968)).  The court considers this factor because the party moving to vacate a default judgment has not had the opportunity to present their defense to the action.  Pfaff, 103 Wn. App. at 834-35.  Gregory had such an opportunity at the trial of this matter.

Moreover, Gregory has not cited to any case in which this standard was applied to a motion for relief from judgment brought post-trial.  DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").  Further, it is not appropriate for the trial court to consider the merits of a party's position where, as here, we are not examining "the impropriety of the underlying judgement."  Bjurstrom, 27 Wn. App. at 450-51.  The trial court did not apply an incorrect standard in evaluating Gregory's Motion.

2. Timeliness of the Motion

Gregory next asserts that the trial court erred by determining that his Motion was untimely filed, as he filed the Motion within one year of the entry of the challenged order. We disagree.

CR 60(b) states that a motion for relief from judgment "shall be made within a *reasonable* time and for reasons (1), (2), and (3) not more than 1 year after the judgment, order, or proceeding was entered or taken." (Emphasis added.) Gregory reads this language as being disjunctive and that a motion brought under CR 60(b)(1) need only adhere either to a reasonable time *or* to the one-year deadline. However, as we have previously clearly held, "a motion brought under CR60(b)(1), (2), or (3) is timely only if it meets *both* time requirements." Luckett v. Boeing Co., 98 Wn. App. 307, 311, 989 P.2d 1144 (1999).[3]

Here, the trial court determined that Gregory's Motion had not been brought within a reasonable time, as he had waited nearly one year before filing it. In its order denying the Motion, the trial court explained that

> There is a minor child who has grown accustomed to the living arrangement dictated by the Final Parenting Plan. The evidence presented by Mr. Krsak was all, or substantially all, available to him at the conclusion of trial and it is unclear how long and to the extent he was injured following his work-place injury at the conclusion of trial.

The trial court's reasoning is supported by the record. As the trial court noted in its oral ruling following trial, A.K. is a child who "hates transitions and changes," and by the time Gregory filed his motion for relief from judgment, she

---

[3] CR 60(b) also supersedes RCW 4.72.020 in this regard. See CR 60(e)(4); CR 81(b).

had been living with the current parenting plan for nearly a year. While Gregory provided records to the trial court demonstrating that he had been injured at work, the records did not state what limitations he had and how long any limitations lasted. Finally, Gregory's motion relied upon documentation that, for the most part, was already part of the record, including, but not limited to, a previously filed declaration, various discovery orders, the trial testimony of various witnesses, the court's oral ruling, and his request for an accommodation.

Gregory nevertheless contends that he filed his motion within a reasonable amount of time because his autism spectrum disorder and his lack of knowledge and legal training required him to have a full year to prepare his motion for relief from judgment. While we are cognizant of his condition, this argument as presented is unavailing.

Gregory provided no evidence to the court demonstrating *how* his autism prevented him from filing his motion for nearly a year. Given the lack of evidence, the trial court did not find Gregory's explanation to be credible. We do not review credibility determinations. State v. Living Essentials, LLC, 8 Wn. App. 2d 1, 15, 436 P.3d 857 (2019) (bench trial on a Consumer Protection Act case). Furthermore, pro se litigants are held to the same standard as attorneys, so Gregory's unfamiliarity with the law is no excuse. See In re Vulnerable Adult Pet. For Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). The trial court did not abuse its discretion by determining that Gregory's motion was untimely.

Although the untimeliness of the motion could curtail our review of much, if not all, of his appeal, see, e.g., Luckett, 98 Wn. App. at 314-15, we will address

Gregory's remaining assignments of error on the merits to clearly explain why he still does not prevail, in the order more or less the issues are presented.

     3.     <u>Whether the Trial Court Made a Clerical Mistake in Entering the Final Parenting Plan</u>

Gregory contends that the trial court made a clerical mistake in the final parenting plan because the terms of the parenting plan do not accurately reflect its oral ruling regarding the visitation schedule.   We disagree.

CR 60(a) states that "[c]lerical mistakes in judgment, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court … on the motion of any party."  This rule does not, however, permit a trial court to correct a "judicial" error.  <u>In re Marriage of Stern</u>, 68 Wn. App. 922, 927, 846 P.2d 1387 (1993).  As our Supreme Court has held,

> In deciding whether an error is "judicial" or "clerical," a reviewing court must ask itself whether the judgment, as amended, embodies the trial court's intention, as expressed in the record at trial.  <u>Marchel v. Bunger</u>, 13 Wn. App. 81, 84, 533 P.2d 406, <u>review denied</u>, 85 Wn.2d 1012 (1975). If the answer to that question is yes, it logically follows that the error is clerical in that the amended judgment merely corrects language that did not correctly convey the intention of the court, or supplies language that was inadvertently omitted from the original judgment. If the answer to that question is no, however, the error is not clerical, and, therefore, must be judicial. Thus, even though a trial court has the power to enter a judgment that differs from its oral ruling, once it enters a written judgment, it cannot, under CR 60(a), go back, rethink the case, and enter an amended judgment that does not find support in the trial court record.

<u>Presidential Ests. Apt. Assocs. v. Barrett</u>, 129 Wn.2d 320, 326, 917 P.2d 100 (1996).

The record here demonstrates that, regardless of any discrepancy between the oral ruling and written orders, the trial court did not make a clerical error in

7

entering the final parenting plan. Shortly after entry of final orders, Gregory filed a motion for reconsideration in which he raised the same argument that he does on appeal, namely, that the trial court had made a clerical error in the parenting plan concerning the amount of visitation time allotted to him. The trial court denied the motion outright. The trial court's decision not to amend the parenting plan after Gregory's motion for reconsideration demonstrates that it entered the parenting plan that it intended to, ending our review.

4. <u>Whether the Final Orders were the Product of Mistakes, Inadvertence, Surprise, Excusable Neglect or Irregularity</u>

Gregory next asserts that the trial court should have vacated the final parenting plan and child support order pursuant to CR 60(b)(1). We disagree.

CR 60(b)(1) permits the trial court to vacate a judgment or order when the moving party demonstrates that there were "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." "Irregularities pursuant to CR 60(b)(1) occur when there is a failure to adhere to some prescribed rule or mode of proceeding, such as when a procedural matter that is necessary for the orderly conduct of trial is omitted or done at an unseasonable time or in an improper manner." <u>Mosbrucker v. Greenfield Implement, Inc.</u>, 54 Wn. App. 647, 652, 774 P.2d 1267 (1989).

Gregory asserts that an irregularity occurred when the trial court made a finding of domestic violence under Chapter 7.105 RCW instead of former Chapter 26.50 RCW, as the two statutes incorporate different burdens of proof. Christell responds, and the trial court agreed, that there was substantial evidence to support the trial court's finding of domestic violence under either Chapter 7.105 RCW or

former Chapter 26.50 RCW. We need not resolve the issue of which statute applied at time of trial, nor do we need to address whether substantial evidence supported the trial court's finding of domestic violence.

Gregory's appeal concerns the denial of his motion for relief from judgment, not the substance of the parenting plan itself. Stated differently, the irregularity that Gregory alleges here is not a matter of procedure, but one concerning the substantive law applicable at the time of trial.[4] "[E]rrors of law cannot be addressed by a CR 60 motion." In re Marriage of Adler, 131 Wn. App. 717, 728, 129 P.3d 293 (2006). CR 60(b) "is not intended to be used as a means for the court to review or revise its own final judgments," which is precisely what Gregory asked the trial court to do. Kern v. Kern, 28 Wn.2d 617, 619, 183 P.2d 811 (1947). Because Gregory asserts an error of law and not an irregularity "in some prescribed rule or mode of proceeding," the trial court did not abuse its discretion by denying his Motion under CR 60(b)(1). Mosbrucker, 54 Wn. App. at 652.

Gregory further asserts that we should vacate the final parenting plan and child support order for excusable neglect, as his work injury and disabilities prevented him from reviewing the proposed final orders within the time limit provided. In support of this assertion, Gregory relies upon In re Marriage of Gharst, 25 Wn. App. 2d 752, 525 P.3d 250 (2023).

---

[4] Gregory contends that In re Parentage of T.M.L.T., No. 30617-8-III (Wash. Ct. App. Apr. 11, 2013) (unpublished), http://www.courts.wa.gov/opinions/pdf/306178.pdf, supports his assertion that application of the incorrect substantive law constitutes an irregularity under CR 60(b)(1). Not only is T.M.L.T. unpublished and of no precedential value, see GR 14.1(a), but the case concerned a motion for relief from judgment brought under CR 60(b)(11), not (b)(1).

In Gharst, the wife, then going by the surname Converse, filed a motion to vacate the final orders in the parties' dissolution, which had been entered after Converse failed to appear for trial. 25 Wn. App. 2d at 755. Five years prior to trial, Converse had sustained a debilitating stroke, "leaving her with partial paralysis down the left side of her body and a brain injury that causes difficulties with speech, concentration, and the ability to organize her thoughts." Id. at 756. In support of her motion, Converse submitted declarations from multiple friends and family members that described the limitations the stroke had caused her. Id. Division Three of this court determined that Converse had demonstrated excusable neglect in light of the "difficulties in speaking, concentrating, and organized thinking" that she experienced as the result of her stroke. Id. at 759.

Gharst presents in a very different procedural posture and, otherwise, is readily distinguishable from this case. As the court in Gharst explained, "[r]elief from judgment based on excusable neglect requires an analysis of not only a litigant's mental state but also other circumstances, including 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, [and] the reason for the delay, including whether it was within the reasonable control of the movant.'" 25 Wn. App. 2d at 759 (alterations in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). In that case, not only was Converse suffering from a significant mental disability, but she filed her motion to vacate less than a month after final orders had been entered and the opposing party suffered no prejudice as a result. Id. at 759-60.

Gregory, however, has not satisfied any of the factors required to demonstrate excusable neglect. First, unlike Converse, Gregory was present at trial and fully participated in the proceedings. See Gharst, 25 Wn. App. 2d at 760 ("At the same time, the outcome of trial might have been different with Ms. Converse's participation, given the trial court granted all Mr. Gharst's requests and did not consider Ms. Converse's disability and inability to work when dividing debt and liabilities and denying spousal maintenance."). Although Gregory asserts that he did not receive a full and fair opportunity to present his case because the trial court did not conduct oral argument on his motion for reconsideration, the parties do not have a right to oral argument, particularly where the local rules do not call for oral argument on the motion submitted. See Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 697, 41 P.3d 1175 (2002). Gregory was able to fully present his arguments to the court in his motion for reconsideration, both in writing and at oral argument on the Motion itself. As such, there is no concern about the fundamental fairness of proceedings, as was present in Gharst.

Second, Gregory does not present evidence that he suffered from a significant mental disorder that would justify holding him to a lower standard than other pro se litigants. Although Gregory submitted documentation documenting his diagnoses, nothing on record speaks to the limitations his disabilities or workplace injury caused him. Given the variant presentation of autism spectrum disorder and ADHD, the court cannot conclude that either constitutes a "significant

mental disorder" by virtue of simple diagnosis.[5]  Unlike Converse, whose limitations were attested to by numerous witnesses, Gregory presented no evidence of his limitations at all.

Furthermore, Gregory did not file his Motion until nearly a year after the entry of final orders.  This delay is in stark contrast to Converse, who filed her motion for relief from judgment within a month of final judgment, despite being a pro se litigant with significant mental disorders.  As we have already held, Gregory's year-long delay was unreasonable and, based on the record provided, cannot be excused on account of his disabilities.

Finally, the potential prejudice to Christell – and A.K. – is great.  Vacating the parenting plan and child support order would require the parties to endure a second trial, despite already having undergone a lengthy trial that was attended by both parties.  Additionally, vacation of the orders would create instability for a young child who "hates transition and changes" and who has been living under the parenting plan for a year.

Based on the record provided, Gregory does not show that his failure to respond to the proposed final parenting plan and child support order in a timely manner constitutes excusable neglect that would justify vacation of the orders.  The trial court did not abuse its discretion by denying Gregory's Motion under CR 60(b)(1).

---

[5] We note that many attorneys are able to practice law and adhere to court rules after receiving a diagnosis of autism spectrum disorder, ADHD, or both.  See Lee Rawles, How Neurodiverse Lawyers Can Thrive in the Profession – And Change it for the Better, Am. Bar Ass'n. (Aug. 11, 2021) https://www.americanbar.org/groups/journal/podcast/how-neurodiverse-lawyers-can-thrive-in-the-profession-and-change/.

5.  Whether the Final Orders were the Product of Fraud, Misrepresentation, or Other Misconduct of the Opposing Party

Gregory next asserts that the trial court should have vacated the final parenting plan and child support order under CR 60(b)(4), because the orders were the product of fraud and misrepresentation.  We disagree.

CR 60(b)(4) permits the trial court to vacate a judgment or order that is the product of "[f]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse witness."  The alleged fraud, misrepresentation, or misconduct must have caused the entry of the judgment or order, such that the moving party was prevented from fully and fairly presenting his case.  Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990).  A party seeking vacation of a judgment or order on this basis "must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence."  Id.

Gregory contends that the trial court abused its discretion by finding that he did not present evidence that the final orders were the product of fraud, misrepresentation, or misconduct.  He does not elaborate on this argument in either his opening brief or his reply brief.  "Passing treatment of an issue, lack of reasoned argument, or conclusory arguments without citation to authority are not sufficient to merit judicial consideration."  Winter, 12 Wn. App. 2d at 835.  Accordingly, we decline to consider this argument any further.

6.  Whether There are Any Extraordinary Circumstances

Finally, Gregory asserts that the trial court should have granted his Motion pursuant to CR 60(b)(11).  Again, we disagree.

CR 60(b)(11) permits the trial court to vacate a judgment or order for "any other reason justifying relief from the operation of the judgment." This rule "applies only in extraordinary circumstances relating to irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings." Barr v. MacGugan, 119 Wn. App. 43, 48, 78 P.3d 660 (2003).

Gregory asserts that he is entitled to have the final orders vacated because the trial court did not provide him an accommodation for his disabilities. His assertion is belied by the record. Gregory submitted a request for an accommodation to the trial court for his autism spectrum disorder. When asked to describe the accommodation he was requesting, Gregory responded, "Patience and understanding of an atypical communication style." Gregory presented no evidence that this request was denied or that he made a request for any another accommodation. Although he asserts that the court should have offered him other accommodations, he does not identify what these hypothetical accommodations are. Because Gregory was not denied an accommodation, he has not demonstrated any extraordinary circumstances that calls the regularity of proceedings into question. The trial court, therefore, did not abuse its discretion by denying Gregory's Motion under CR 60(b)(11).

B. Whether Christell Krsak is Entitled to Attorney Fees

1. Attorney Fees Awarded by the Trial Court

Gregory asserts that the trial court should not have awarded Christell attorney fees because his Motion was not without basis in fact or law. We disagree.

We apply a two-part standard when reviewing a trial court's award of attorney fees. Falcon Props., LLC v. Bowfits 1308 LLC, 16 Wn. App. 2d 1, 11, 478 P.3d 134 (2020). First, we review de novo whether there is a legal basis for the award of fees. Id. Second, we apply an abuse of discretion standard to the trial court's decision to award fees and its determination of the amount awardable. Id.

Gregory asserts that the trial court should not have awarded fees to Christell because his entire action was not frivolous as required by RCW 4.84.185. The trial court did not award fees under this statute. Although not cited directly, it is evident that the trial court awarded fees under CR 11, which permits the court to sanction a pro se litigant for filing a pleading "not grounded in fact or law." In re Recall of Lindquist, 172 Wn.2d 120, 136, 258 P.3d 9 (2011).

Gregory contends that his Motion was not without basis in fact or law. However, the record supports the trial court's finding. Gregory filed his Motion almost one year after his motion for reconsideration was denied without a reasonable explanation for the length of the delay, dooming his CR 60(b)(1) argument. Many of the arguments Gregory raised in his Motion were the same ones he asserted in his motion for reconsideration. He did not produce any evidence to support his claims of fraud under CR 60(b)(4) or his denial of disability accommodation under CR 60(b)(11). The trial court's finding that Gregory's Motion was without basis in law or fact was supported by the record. Accordingly, the trial court did not abuse its discretion by ordering Gregory to pay attorney fees and costs to Christell for defending against the Motion.

2.      Attorney Fees on Appeal

Christell asks this court to award her attorney fees pursuant to RAP 18.9, contending that Gregory's appeal was frivolous.   An appeal is frivolous if it "presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal."  Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).  "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant" and "[a]n appeal that is affirmed simply because the arguments are rejected is not frivolous."  In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

Although we reject Gregory's arguments and apply a deferential standard of review to the trial court's CR 11 findings, we do not view his appeal as so devoid of debatable issues as to be frivolous.  The request for fees is denied.

C.  Whether this Court Should Direct a Finding of Abusive Use of Litigation

Christell additionally asks this court to direct the trial court to enter a finding pursuant to RCW 26.51.010 that Gregory engaged in abusive litigation.  Christell also made this request to the trial court in response to Gregory's Motion, which the trial court denied.  A respondent that seeks affirmative relief from this court must file a notice of cross-appeal.  RAP 2.4(a); Modumetal, Inc. v. Xtalic Corp., 4 Wn. App. 2d 810, 834–35, 425 P.3d 871 (2018).  Christell did not do so.  We deny her request for relief.

### III.   CONCLUSION

We agree that Gregory's Motion was both untimely and without merit.  As such, the trial court did not err by denying the Motion and awarding attorney fees to Christell.  We affirm.

_Díaz, J._

WE CONCUR:

_Chung, J._                    _Hazelrigg, ACJ_