THOMAS MOULDING BRICK CO., Plaintiff-Appellant, v. DONALD W. GIANNINI, Defendant—(TRIPLE X CONSTRUCTION CO., Garnishee Defendant-Appellee.)

(No. 54120; ▮▮▮▮▮▮▮▮▮▮▮

First District—November 18, 1970.

Carl J. Greenberg, of Chicago, for appellant.

Mazza, Mazza & Ware, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff appeals from an Order vacating a judgment against garnishee-defendant.

On October 31, 1967, plaintiff confessed judgment against its debtor Giannini. Eight months later, on July 8, 1968, plaintiff, after notice to Giannini, had the judgment confirmed. On July 11, 1968, a Wage Deduction Summons was directed to "Giannini's employer," Triple X Construction Company (a nonentity) and was served upon one Rose Damore, agent (a clerk for the Triple X Masonry Company, a corporation). The deputy sheriff's return reflected service upon an agent for Triple X Construction Company, a corporation. A conditional judgment was entered

against Triple X Construction Co. in the amount of $7,518.34 on August 13, 1968. A summons after conditional judgment was issued and returned showing that it was served on Triple X Construction Co., on August 19, 1968 again upon Rose Damore. There was no response, so a final judgment was then entered on September 24, 1969, against Triple X Construction Company.

Seven months later, on March 14, 1969, appellee, Triple X Masonry Company filed a verified petition to vacate and set aside the judgment and to dismiss the garnishment proceedings against Triple X Construction Co. The petition stated *inter-alia;* that the affiant is President of the Triple X Masonry Company and that "Triple X Masonry Company * * * was served with a Wage Deduction Summons on July 11, 1968, and also a Summons After Conditional Judgment on August 19, 1968", that "it failed to Answer because it was not made a proper Garnishee-Defendant to this cause of action", but that it is "willing and able to make the proper Garnishment deductions in the future."

Contemporaneously, with the filing of this motion, Triple X Masonry Co. also filed an affidavit of Rose Damore, (shown in the sheriff's return as the person served with process) wherein it was stated that she was employed by Triple X Masonry Co. only as a typist and was not authorized to accept service of process. The trial court on March 14, 1969, vacated the conditional and final judgments and *inter-alia* the order read "Now comes the employer Triple X Construction Company * * * said employer be and it is hereby released * * *."

On March 28, 1969, plaintiff filed a motion seeking to have the March 14, 1969 order vacated and alleged *inter-alia;* that, on March 14, 1969 Triple X Masonry Co. forwarded a check to plaintiff as payee in the amount of $420.00 and thus acknowledged that it was the employer of the debtor, Giannini and was indebted to him. The motion also alleged that the petition to vacate was filed more than 7 months after judgment and thus must be viewed as a petition under Section 72 of the Civil Practice Act and further alleged that garnishee-defendant's motion failed to meet the requirements of Section 72. The court denied this motion.

Plaintiff then filed another motion, accompanied by an affidavit, seeking to vacate the March 14, 1969 order. This motion alleged *inter-alia* the previous allegations and that the judgment against Giannini was unenforceable because Giannini was adjudicated a bankrupt three weeks subsequent to March 14, 1969, when judgment rendered against garnishee-defendant was vacated. Plaintiff also moved to correct the judgment against Triple X Construction Co., to read Triple X Masonry Co., (the admitted, actual employer of Giannini) pursuant to Ill. Rev. Stat. 1967, ch. 7 par. 2. This motion was also denied.

*Opinion*

The petition and affidavit executed by the president of Triple X Masonry Company is in itself dispositive of the issue before this court. In substance, Triple X Masonry Company concedes it was served and that it was and is the debtor's employer. Under these circumstances we need not consider the affidavit of Rose Damore, that she was not authorized to receive service of process.

In *Livestock Mortgage Credit Corporation v. Keller* (1949), 336 Ill. App. 282 this court said at page 286:

"The law undoubtedly is that, where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit; and, if he does not, he will be concluded by the judgment or decree rendered the same as if he were described by his true name. (*Pond v. Ennis,* 69 Ill. 341; *Pennsylvania Co. v. Sloan,* 125 Ill. 72, 77)"

In *Janove v. Bacon* (1955), 6 Ill.2d 245 our Supreme Court said, page 250:

"It is of course true that a person who is not served need not appear in an action. But where a summons is served upon him personally, and the circumstances are such as to indicate that he is the person intended to be sued, then he is subject to the judgment, even though the process and the judgment do not refer to him by his correct name. *Pennsylvania Co. v. Sloan,* 125 Ill. 72; *Pond v. Ennis,* 69 Ill. 341; cf. *Proctor v. Wells Bros. Co.* 262 Ill. 77, 81."

In view of the foregoing it is not necessary to consider plaintiff's other contentions. We hereby reverse the trial court's order which vacated the judgment in favor of plaintiff against Triple X Construction Company, and pursuant to Supreme Court Rule 366(a) (1) (Ill. Rev. Stat. 1967, ch. 110A, 366(a) (1) ), we hereby amend the name of the garnishee in the judgment order of September 24, 1969, to read "Triple X Masonry Company."

Reversed and amended.

DRUCKER and ENGLISH, JJ., concur.