[No. 10149-8-I.   Division One.   April 27, 1983.]

ENTRANCO ENGINEERS, *Appellant,* v. ENVIRODYNE, INC., *Respondent.*

504

*Tewell, Thorpe & Finley, David Shaw,* and *Duane Tewell,* for appellant.

*Shidler, McBroom, Gates & Baldwin* and *William H. Neukom,* for respondent.

SCHOLFIELD, J.—Plaintiff Entranco Engineers (Entranco) appeals denial of its motion to amend a default judgment entered in its favor against a defendant "Envirodyne, Inc.," and the granting of Envirodyne Industries, Inc.'s motion to vacate that default judgment. We reverse.

Respondent Envirodyne Industries, Inc. (Industries), formerly known as "Envirodyne, Inc.," is a publicly held Delaware corporation with offices in Los Angeles and headquarters in Chicago. Industries has never transacted business in Washington. Envirodyne Engineers, Inc. (Engineers) is a wholly owned subsidiary of Industries. Engineers is also headquartered in Chicago, but at all relevant times Engineers and Industries had separate officers and maintained separate offices. Engineers has conducted business in Washington.

Entranco is a Washington corporation owned and operated by one Alex Redford. Redford is also an Industries shareholder who has received annual shareholder reports describing Industries' corporate structure.

In February 1980, Entranco served copies of a summons and a complaint against "Envirodyne, Inc.," which was "believed to be a Delaware corporation with its principal place of business in Los Angeles, California", upon Engineers at its Chicago office by leaving the documents with one "K. Mihevk." Entranco contends that Engineers was the intended defendant. The complaint alleged as follows:

### III.

That in June 1976, the defendant was sued by the City of Mercer Island on a third–party complaint which arose out of certain construction activities performed for the City of Mercer Island.

### IV.

Between April 1, 1977 and December 9, 1977, employees of the plaintiff performed services for the defendant at the defendant's request in conjunction with the defendant's preparation for the lawsuit mentioned in paragraph III. Plaintiff has made a demand for payment of those services which it rendered to the defendant. To this date, the plaintiff has not been paid.

WHEREFORE, plaintiff demands judgment against the defendant in the amount of $13,450.60 which amount represents the reasonable value of its services rendered to the defendant, . . .

In its brief, Industries admits that Industries and Engineers realized Entranco had named one corporation (Industries) and served the other (Engineers). Industries does not acknowledge any awareness that Engineers was the intended defendant.

On May 14, 1980, Entranco obtained a default judgment in King County Superior Court against "Envirodyne, Inc." In November 1980, Entranco filed an Illinois action to register the Washington default judgment. Industries moved to dismiss for lack of personal jurisdiction. In February 1981, Entranco moved in King County Superior Court to amend the default judgment by substituting "Envirodyne Engineers, Inc." for "Envirodyne, Inc." as the named defendant. In response, Industries on March 9 filed a motion to vacate the default judgment. On March 26, the trial judge denied Entranco's motion to amend and granted Industries' motion to vacate.

We first consider Entranco's contention that the trial judge erred in granting Industries' motion to vacate the default judgment.

[A]n objection on the ground of a mere misnomer of a party defendant, whether an individual or a corporation, does not render the summons insufficient for the purpose

of giving notice to the defendant upon whom it is served . . .

(Footnote omitted.) 59 Am. Jur. 2d *Parties* § 257, at 719 (1971). *Accord, Tremps v. Ascot Oils, Inc.,* 561 F.2d 41, 44 (7th Cir. 1977). A party who fails to timely raise this issue waives any error on the ground of misnomer. A judgment, whether by default or after full proceedings, is as conclusive against such a party as it would be if the party were described by its correct name. 59 Am. Jur. 2d *Parties* § 257 (1971); *Thomas Moulding Brick Co. v. Giannini,* 131 Ill. App. 2d 353, 266 N.E.2d 158, 159 (1970).

So far as the record discloses, the complaint described only the activities of Engineers, the party served. Industries, although named, could not reasonably have been understood to be the intended defendant because Industries never transacted business in Washington. We consider the allegations of the complaint sufficiently specific to give notice to Engineers, the party served, that an action had been started against it.[1] The judgment entered on the basis of that complaint may therefore be enforced against Engineers although it names "Envirodyne, Inc."[2]

We next consider Entranco's contention that the trial judge erred in denying its motion to amend the default judgment by substituting Engineers' name for that of "Envirodyne, Inc."

CR 60(a) provides, in pertinent part:

Clerical mistakes in judgments, orders or other parts of

---

[1]In reaching this conclusion, we have not considered the affidavit recounting statements allegedly made by Stu Mishelove, Engineers' financial officer. Statements by an agent are admissible against the principal only if made within the scope of the agent's apparent authority or line of employment. *Schoonover v. Carpet World, Inc.,* 91 Wn.2d 173, 588 P.2d 729 (1978); *O'Daniel v. Streeby,* 77 Wash. 414, 137 P. 1025 (1914); 3 Am. Jur. 2d *Agency* § 264 (1962). *See also* ER 801(d)(2)(iv). The record is insufficient for us to determine the extent of Mishelove's actual or apparent authority.

[2]It could not, however, be enforced against Industries for reasons including lack of personal jurisdiction. *Bergren v. Adams Cy.,* 8 Wn. App. 853, 856, 509 P.2d 661 (1973).

the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

We agree with Industries that, as the misnomer cannot be established without considering matters outside the record before the commissioner who granted the default judgment, it was not a "clerical mistake." *Foster v. Knutson,* 10 Wn. App. 175, 177, 516 P.2d 786 (1973). On the other hand, the commissioner intended to enter a default judgment against the party whose activities were described in the complaint. Consequently, this is not a "judicial error" beyond correction pursuant to CR 60(a). *See Marchel v. Bunger,* 13 Wn. App. 81, 84, 533 P.2d 406 (1975).

■ CR 60(a) permits correction of "errors . . . arising from oversight or omission" as well as correction of "clerical mistakes." *See generally* 11 C. Wright & A. Miller, *Federal Practice* § 2854, at 148–49 (1973). Several federal decisions have held that misnomers of party defendants in judgments may be corrected pursuant to Federal Rule of Civil Procedure 60(a). *Fluoro Elec. Corp. v. Branford Assocs.,* 489 F.2d 320, 325–26 (2d Cir. 1973); *Silas v. Paroh S.S. Co.,* 175 F. Supp. 35, 39 (E.D. Va. 1958), *vacated on other grounds,* 276 F.2d 857 (4th Cir. 1960) ("mere clerical error or misnomer"); *Anderson v. Brady,* 6 F.R.D. 587 (E.D. Ky. 1947). The misnomer here constitutes an "[error] . . . arising from oversight or omission" which the trial judge possessed authority to correct under CR 60(a).

As we have determined the default judgment may be enforced against Engineers, despite the misnomer, appropriate amendment of the judgment is necessary to make the record clear. Although CR 60(a) applies only to the superior courts, *Foster v. Knutson, supra* at 176, RCW 2.06.030 grants this court

all power and authority, not inconsistent with [the rules of the Supreme Court], necessary to carry into complete execution all of its judgments, decrees and determinations in all matters within its jurisdiction, . . .

Further, RAP 12.2 provides that we "may reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." Pursuant to RCW 2.06.030 and RAP 12.2, we order that the judgment entered below be amended to substitute Engineers' proper corporate name for the name "Envirodyne, Inc." *See also Thomas Moulding Brick Co. v. Giannini, supra.* We also reverse the trial judge's order vacating the default judgment.

On remand, the parties will be left in the position they were in immediately before the trial judge's rulings, except that the default judgment shall now name Engineers. Because the trial judge vacated the default judgment upon Industries' motion, Engineers had no reason to file its own motion to vacate. Thus neither the "reasonable time" nor 1–year limitations of CR 60(b) shall preclude Engineers, because of its failure to earlier move to vacate, from moving on remand to vacate the default judgment on any proper grounds.

Reversed and remanded.

DURHAM, A.C.J., and SWANSON, J., concur.

Reconsideration denied May 25, 1983.