[No. 24497-7-II.   Division Two.   December 21, 2000.]

MAUREEN PFAFF, ET AL., *Appellants*, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent*.

*Deborah Nelson Willis*, for appellants.

*Gailann Y. Stargardter* and *Marilee C. Erickson* (of *Reed McClure*), for respondent.

MORGAN, J. — Maureen Pfaff[1] appeals an order setting aside a default judgment on condition that State Farm pay terms. We affirm.

On April 29, 1996, Maureen Pfaff was injured in an auto accident. Because the other motorist was not insured, she submitted a claim to her underinsured motorist carrier, State Farm. She sought $23,000 for her injuries, and her husband sought $3,500 for loss of consortium. State Farm offered to settle for a lesser amount.

The parties could not agree on an arbitrator, so the superior court appointed one. When the arbitration hearing was held, counsel for State Farm did not call any witnesses and, according to Pfaff, was inattentive. The arbitrator awarded $24,413.40, which included $1,000 for loss of consortium.

---

[1] The plaintiffs are Maureen and Jason Pfaff, husband and wife. For convenience, we refer only to Maureen.

State Farm attempted to condition payment of the award on a release of all claims. Pfaff declined to sign a release that broad. State Farm ultimately paid the award in exchange for a release of Pfaff's personal injury claim.

On November 25, 1998, Pfaff sued State Farm for bad-faith refusal to settle. On November 30, 1999, she served the insurance commissioner as statutory agent for State Farm, pursuant to RCW 48.05.210. State Farm failed to answer within the prescribed 40-day period, which ended on Monday, January 11, 1999.[2]

The next day, Tuesday, January 12, 1999, Pfaff obtained an order of default. On January 14, 1999, she moved for a default judgment, and on January 19, 1999, she obtained a default judgment in the amount of $22,562.96.

On January 28, 1999, State Farm filed a motion to vacate the default order and judgment pursuant to CR 60. In accompanying affidavits, it showed that it had timely received Pfaff's complaint from the insurance commissioner, but that one of its administrative assistants had then faxed the complaint to a wrong number. Its counsel had learned of the complaint on January 18 and appeared in the action on January 19, the same day on which Pfaff took her default judgment. Also in accompanying affidavits, it set forth facts sufficient to support findings that it had not acted in bad faith. In responsive affidavits, Pfaff set forth facts sufficient, we assume, to support findings that State Farm acted in bad faith.[3]

On March 1, 1999, over Pfaff's objection, the superior court granted the motion to vacate. The court also required State Farm to pay Pfaff $1,850 in terms. Pfaff then filed this appeal.

■ According to CR 60(b)(1), a party may move to vacate a final judgment, whether entered by default or otherwise,

---

[2] *See* RCW 48.05.210(3); CR 6(a).

[3] We need not consider, and we do not consider, whether Pfaff's affidavits set forth facts sufficient to support findings that State Farm acted in bad faith. The sufficiency of State Farm's case is before us, but the sufficiency of Pfaff's case is not.

for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity[.]" According to CR 60(e)(1), a party must show "the facts or errors upon which the motion is based" and, if he or she is the defendant, "the facts constituting a defense to the action[.]"

Application of these provisions turns on at least four factors.[4] They are:

> (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.[5]

These factors emanate from *White v. Holm*,[6] a pre-CR 60 case. In that case, White and Holm were both pedestrians on a sidewalk. They collided, and White was injured. White sued Holm for negligence, and Holm failed to make a timely appearance. White took a default judgment, which Holm moved to vacate a week later. Holm's supporting affidavit explained that although he had thought his insurer's attorney would appear for him, his insurer had thought that his personal attorney would appear until coverage was determined. He had failed to appear due to this misunderstanding.

Both Holm's supporting affidavit and White's contravening affidavit also addressed whether Holm had a plausible defense to the action. Summarizing the affidavits on that issue, the Supreme Court stated:

> So far as [White's] claim for relief be concerned, it is

---

[4] *Haller v. Wallis*, 89 Wn.2d 539, 543, 573 P.2d 1302 (1978); *Martin v. Pickering*, 85 Wn.2d 241, 245, 533 P.2d 380 (1975); *Norton v. Brown*, 99 Wn. App. 118, 123-24, 992 P.2d 1019, 3 P.3d 207 (1999), *review denied*, 142 Wn.2d 1004 (2000); *Shepard Ambulance, Inc. v. Helsell, Fetterman, Martin, Todd & Hokanson*, 95 Wn. App. 231, 238, 974 P.2d 1275 (1999), *review denied*, 140 Wn.2d 1007 (2000).

[5] *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968).

[6] *White*, 73 Wn.2d 348, 438 P. 581 (1968).

essentially her contention that Mr. Holm was negligent in that he walked backwards out of the recessed entryway leading to the sidewalk from his place of business and failed to observe her presence on the sidewalk before he turned and forcibly collided with her. Mr. Holm, on the other hand, by way of his affidavit in support of the motion to vacate the default judgment, contends that plaintiff was not visible to him as he backed away from his office door; that his presence and actions in the entryway were plainly observable to Mrs. White as she approached on the sidewalk; that in turning onto the sidewalk he merely brushed her with his arm; and that Mrs. White's fall was occasioned by her own evasive action. Mrs. White, in a controverting affidavit, denies that the recessed entryway or Mr. Holm's activities therein were visible to her as she approached and asserts that Mr. Holm was moving rapidly when he turned and forcibly knocked her to the sidewalk.[7]

The trial court denied Holm's motion to vacate. It "determined that defendants had failed to show a meritorious defense to the plaintiff's claim and that the failure to timely appear or answer plaintiff's claim was due to inexcusable fault on the part of the insurance carrier."[8]

On appeal, the Supreme Court identified the four factors set forth above. Applying the first one, it held that the trial court had lacked discretion to determine that Holm had failed to show a defense to White's claim. This was true because Holm, as a matter of law, had presented "substantial evidence . . . to support, at least prima facie, a defense to the claim asserted by [White]."[9] Applying the second factor, the Supreme Court held that the trial court had lacked discretion to determine that Holm's failure to timely appear did not result from excusable neglect or "bona fide mistake."[10] Consequently, the Supreme Court reversed and remanded "for entry of an order (a) vacating the outstand-

---

[7] *White*, 73 Wn.2d at 350-51.

[8] *White*, 73 Wn.2d at 351.

[9] *White*, 73 Wn.2d at 352. In arriving at this holding, the court said that Holm had presented a "sufficient," "minimal," "prima facie" defense, but not a "strong" or "conclusive" one. *White*, 73 Wn.2d at 353.

[10] *White*, 73 Wn.2d at 355.

ing default judgment, (b) allowing defendants to promptly answer the claim for relief, and (c) fixing a date for trial upon the merits[.]"[11]

■ *White* demonstrates that a trial court does not act as trier of fact when considering a CR 60 motion. White's affidavit set forth facts sufficient to support findings that her injuries were due to Holm's negligence. Holm's affidavit set forth facts sufficient to support findings that White's injuries were due to her own negligence. If the trial court had been sitting as trier of fact, it would have had the discretion to find that either version preponderated. Yet the Supreme Court held, in effect, that the trial court lacked discretion to disregard Holm's version.

*White* demonstrates that a trial court must take the evidence and reasonable inferences in the light most favorable to the CR 60 movant when deciding whether the movant has presented "substantial evidence" of a "prima facie" defense. For that reason, the trial court in *White* lacked discretion to reject Holm's version of the facts, even though, according to the Supreme Court, Holm had presented a defense that was *not* "strong" or "conclusive," but only "minimal," "prima facie," and "sufficient."[12]

*White* demonstrates why CR 60 requires a movant to demonstrate "facts constituting a defense to the action," or, to use *White*'s terms, "substantial evidence . . . support-[ing], at least prima facie, a defense to the claim asserted by the opposing party[.]"[13] After a party obtains a judgment, it is presumed that he or she has substantial evidence to support his or her claim. If a CR 60 movant cannot produce substantial evidence with which to oppose the claim, there is no point to setting aside the judgment and conducting further proceedings. But if the CR 60 movant can produce substantial evidence, each party should be permitted (assuming *White*'s other factors are met) to present his or her

---

[11] *White*, 73 Wn.2d at 357.

[12] White, 73 Wn.2d at 353.

[13] *White*, 73 Wn.2d at 352.

case to a trier of fact at a properly convened trial.

*White*'s first factor is the one primarily in dispute on this appeal. Pfaff takes the position that the trial court erred by not finding that her facts and inferences were stronger than State Farm's, and by not concluding from such a finding that State Farm did not have a "defense" within the meaning of CR 60(e)(1). She explained her position during the following colloquy at oral argument:

COURT: Are [the facts that you are presently reciting] the facts most favorable to State Farm?

COUNSEL FOR PFAFF: No, these are the facts most favorable to us.

COURT: Could I ask why those are material?

COUNSEL: Those are material because we believe that the trial court didn't consider those issues[.]

. . . .

COURT: So the [trial] court sort of becomes the trier of fact?

COUNSEL: Yes.

COURT: The trial court weighs and balances and decides whether it believes State Farm?

COUNSEL: Exactly. Exactly.[14]

We reject this view of the trial court's function on a CR 60 motion. We hold instead that when a trial court is considering whether a CR 60 movant has presented "facts constituting a defense" within the meaning of CR 60(e)(1), the trial court must take the evidence, and reasonable inferences therefrom, in the light most favorable to the movant. The movant in this case was State Farm, and it presented evidence which, if later believed by a trier of fact, would be a defense to Pfaff's claims. Accordingly, the trial court was both permitted and required to rule that State Farm had

---

[14] Oral argument, *Pfaff v. State Farm*, No. 24497-7-II (Wash. Ct. App. Oct. 31, 2000), audio tape, side 1.

come forward with "facts constituting a defense" or, in *White*'s terms, "substantial evidence" of a "prima facie" defense.

*White*'s second and third factors are not seriously in dispute. It is apparent that State Farm's failure to answer resulted from a mistake, and that State Farm acted with due diligence when it discovered the mistake.

■ *White*'s fourth factor is in dispute, but only because Pfaff claims that setting aside the judgment will force her to go to trial. In our view, however, the prospect of trial cannot constitute, without more, "substantial hardship" within the meaning of *White*'s fourth factor. If the law were otherwise, a judgment would never be set aside, for that *always* generates the prospect of trial. Because this record shows no hardship other than the prospect of trial, it also shows "lack of substantial hardship" within the meaning of *White*'s fourth factor.

The trial court did not err by setting aside the judgment, and the case is remanded for further proceedings.

HUNT, A.C.J., and BRIDGEWATER, J., concur.

Review denied at 143 Wn.2d 1021 (2001).