# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55491-7-II |
| Respondent, | |
| v. | |
| CALVIN NORMAN ROUSE, JR., a/k/a ABDUR RASHID KHALIF, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. – Calvin Rouse, a/k/a Abdur Rashid Khalif, appeals the trial court's denial of his CrR 7.8 motion to add his legal name to his judgment and sentence. Rouse also raises a claim of error in a statement of additional grounds (SAG).[1] We agree that the trial court erred in denying Rouse's CrR 7.8 motion, but we decline to consider the error raised in the SAG. Accordingly, we reverse and remand.

## FACTS

In 2003, Rouse pleaded guilty to one count of second degree murder while armed with a deadly weapon. The statement of defendant on plea of guilty stated Rouse's true name was Calvin Norman Rouse, and Rouse signed the statement as Calvin Rouse. Rouse appealed on grounds unrelated to this appeal, and we affirmed.

---

[1] RAP 10.10.

In 2020, Rouse filed a motion under CrR 7.8(a) seeking to have his judgment and sentenced corrected to "reflect" his legal name that he had changed from Calvin Rouse to Abdur Rashid Khalif in New Jersey in 1997. Clerk's Papers (CP) at 41. At the hearing on the motion, Rouse noted that in lieu of the judgment and sentence being corrected without any reference to the name Calvin Rouse, he was amenable to having Abdur Rashid Khalif added as an "aka." Verbatim Report of Proceedings (Dec. 11, 2020) at 7.

The trial court ruled that because Rouse identified himself as Calvin Rouse in the statement of defendant on plea of guilty, there was no clerical error by the court in need of correction. Therefore, the court concluded, Rouse's request did not "fit within any of the criteria of CrR 7.8." *Id.* at 10

Rouse appeals.

DISCUSSION

Rouse argues that the trial court erred in not correcting his judgment and sentence because the judgment and sentence's failure to reflect his legal name is a clerical error, and under CrR 7.8(a) clerical errors may be corrected when the judgment and sentence does not embody the court's intention. Rouse, relying on *Entranco Engineers v. Envirodyne, Inc.*, 34 Wn. App. 503, 662 P.2d 73 (1983), contends that the trial court erred in believing that a court must have been aware of the defendant's correct name at the time the error was made in order to correct the error.

The State argues that we should decline to review Rouse's appeal because his appeal fails to meet the procedural requirements of RAP 2.2 and RAP 3.1. If we decide Rouse's case on the merits, then, the State contends, we should determine there was no clerical error because there is no indication the court intended to use any name other than Calvin Rouse.

We agree with Rouse.

A. LEGAL PRINCIPLES

*1. RAP 2.2(a)(9)*

RAP 2.2(a)(9) provides that a party may appeal from an "order granting or denying a motion for new trial or amendment of judgment."

*2. RAP 3.1*

Under RAP 3.1 "[o]nly an aggrieved party may seek review by the appellate court." Although RAP 3.1 does not define "aggrieved," Washington courts have held that a party is aggrieved when the court's decision adversely affect the party's property or pecuniary rights, or a personal right, or it imposes a burden or obligation on the party. *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 150, 437 P.3d 677 (2019). Hurt feelings, inconvenience, annoyance, or discomfort, does not entitle the party the right to appeal. *Id.* at 150-51.

*3. CrR 7.8(a)*

Under CrR 7.8(a), a defendant may obtain relief from clerical errors. Clerical errors are errors "that do not embody the trial court's intention as expressed in the trial record." *State v. Morales*, 196 Wn. App. 106, 117, 383 P.3d 539 (2016). A clerical error is committed "by a clerk or other judicial or ministerial officer in writing or keeping records." *State v. Hendrickson*, 165 Wn.2d 474, 479, 198 P.3d 1029 (2009). Courts may amend "to correct language that did not correctly convey the court's intention" or add language that was unintentionally left out of the original judgment. *Morales*, 196 Wn. App. at 117. If the amended language does not convey the trial court's intention, then it is a judicial error and the court cannot amend the judgment and

sentence. *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996).

B. ANALYSIS

*1. Rouse's Ability to Appeal*

The State first contends that under RAP 2.2(a)(9) Rouse is entitled to appeal only the denial of a motion to amend *his actual sentence*, as opposed to the denial of a mere request for a correction of the caption in his judgment and sentence. The State cites no authority for this extremely narrow reading of RAP 2.2(a)(9). Moreover, such an interpretation does not comport with the plain language of the rule, which refers to "amendment of judgment." Because Rouse's name is a part of the judgment, his motion to correct the judgment to reflect his legal name falls within RAP 2.2(a)(9). The State's argument lacks merit.

Second, the State contends that Rouse cannot appeal the court's denial because he was not "an aggrieved party" as is required under RAP 3.1 to seek review. Br. of Resp't at 17. We disagree.

The State contends that having one's legal name reflected on a judgment and sentence that provides the authority for one's restraint in a correctional facility does not involve property, pecuniary, or personal rights. Rather, the State argues, having one's legal name omitted from a crucial document such as a judgment and sentence involves mere inconvenience, annoyance, or discomfort. The State's argument is bereft of meaningful analysis and we are unpersuaded by it. The State does not dispute that Rouse went through the legal process in New Jersey to legally change his name and that Abdur Rashid Khalif is not only his current legal name, but was also his legal name at the time this judgment and sentence was entered. Rouse is clearly aggrieved by the

failure of the judgment and sentence to include the name Abdur Rashid Khalif. The State's argument lacks merit.

### 2. *CrR 7.8(a) Motion*

During the hearing on his CrR 7.8(a) motion, Rouse argued that the caption on his judgment and sentence should be changed to Abdur Rashid Khalif or, in the alternative, should at least include Abdur Rashid Khalif as an a/k/a. Rouse cites *Entranco Engineers*, 34 Wn. App. 503 as persuasive authority. In *Entranco*, the plaintiff intended to sue a subsidiary company called "Envirodyne Engineers, Inc.," but the complaint incorrectly identified the defendant as "Envirodyne, Inc," which was the former name of subsidiary's parent company. 34 Wn. App. at 504. The plaintiff served its complaint on the subsidiary, which detailed actions by the subsidiary in its complaint. *Id.* at 504, 506. Following default judgment against "Envirodyne, Inc," the plaintiff moved to correct the default judgment to reflect the defendant's correct name, "Envirodyne Engineers, Inc.," instead of "Envirodyne, Inc." *Id.* at 505. The trial court denied the motion. *Id.*

We reversed the trial court's denial of the CR 60(a) motion to amend. *Id.* at 508. We held that under CR 60(a) it was appropriate to amend the default judgment to name the correct entity in the judgment. *Id.* at 506-08. We explained that the commissioner had intended to enter default against the party whose activities were laid out in the complaint—Envirodyne Engineers, Inc.; therefore, the court had the authority to amend the judgment and it was appropriate to amend the judgment to reflect the commissioner's intent. *Id.* at 507.

Here, the trial court abused its discretion in denying Rouse's CrR 7.8(a) motion because it misunderstood the scope of errors that can be corrected under CrR 7.8(a). In denying Rouse's

motion to correct the judgment and sentence, the trial court relied on Rouse's adoption of the name Calvin Norman Rouse as his true name during the guilty plea and concluded that the exclusive use of that name on the judgment and sentence reflected the intention of the court as expressed in the trial record. The State likewise asserts that because the court that took Rouse's guilty plea intended to place Calvin Norman Rouse on the judgment and sentence, based on Rouse's adoption of that name as his true name, the trial court did not abuse its discretion in failing to correct the judgment and sentence to include Rouse's actual legal name, Abdur Rashid Khalif.

The logic of this reasoning escapes us. Although it is certainly confounding that Rouse did not alert the trial court to his legal name change that had occurred several years prior to his plea, we think it axiomatic that a trial court would not intend for a judgment and sentence to contain incorrect or incomplete information relating to the defendant's identity.[2] Correcting the judgment and sentence to include both Calvin Norman Rouse, Jr. and Abdur Rashid Khalif would accomplish the trial court's presumed intention to properly and fully identify the defendant on his judgment and sentence. Accordingly, we reverse and remand for the trial court to correct the judgment and sentence to include Abdur Rashid Khalif as an a/k/a on that document.

---

[2] The State's resistance to Rouse's motion to correct the judgement and sentence to reflect his true name is puzzling. First, there is no question that Abdur Rashid Khalif is Rouse's true legal name. Second, it is generally to the State's advantage to include all defendant's known aliases on a judgment and sentence because it is easier to compile the defendant's criminal history should they commit future crimes. Finally, the court ordered any documents filed in this case subsequent to this CrR 7.8 motion to contain the a/k/a Khalif, which appears to confirm that the name Khalif should appear on official court documents in this case.

SAG

Rouse also argues that the information in his case was defective.

We decline to review this alleged error because it is outside the scope of our review. Under RAP 10.10, a defendant may file a SAG "for review to identify and discuss those matters *related to the decision under review*" when the defendant believes their counsel has not adequately addressed that issue in the brief. (Emphasis Added). On this appeal, the only decision on review is the court's decision on Rouse's CrR 7.8 motion to correct the judgment and sentence. The issue of whether Rouse's information was defective was not before the trial court when it was deciding Rouse's CrR 7.8 motion. Accordingly, this alleged error is outside the scope of our review, and we decline to consider it on the merits.

CONCLUSION

The trial court abused its discretion in not correcting the judgment and sentence to include the name Abdur Rashid Khalif as an a/k/a. We decline to consider Rouse's SAG claim. Accordingly, we reverse and remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 55491-7-II

CRUSER, A.C.J.

We concur:

WORSWICK, J.

VELJACIC, J.

8